IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Michael Kennedy, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| Weltman, Weinberg & Reis Co., L.P.A., an Ohio professional corporation, and Equable Ascent Financial, LLC, a Delaware limited liability company, | ) ) **1:10-cv-**_____ **SEB-DML** ) ) ) |
| Defendants. | ) <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Michael Kennedy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection practices violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transact business here.

**PARTIES**

3. Plaintiff, Michael Kennedy ("Kennedy"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to GE Capital Corp., but which is now allegedly owed to Equable Ascent Financial, LLC.

4. Defendant, Weltman, Weinberg & Reis Co, L.P.A. ("WWR"), is an Ohio professional corporation which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant WWR was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant, Equable Ascent Financial, LLC ("Equable"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Equable operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.

6. Defendant Equable is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant WWR.

## FACTUAL ALLEGATIONS

7. On July 23, 2010, Defendants sent Mr. Kennedy an initial form collection letter demanding payment of the debt he allegedly owed originally to GE Capital Corp., but which is now allegedly owed to Defendant Equable. A copy of this letter is attached as Exhibit A.

8. On August 16, 2010, Mr. Kennedy faxed a letter to Defendants disputing the validity of the debt and demanding verification of same. A copy of the facsimile is attached as Exhibit B.

9. Nonetheless, without providing Mr. Kennedy with validation of the debt, Defendants sent Mr. Kennedy another collection letter dated October 23, 2010, demanding payment of the debt. A copy of this letter is attached as Exhibit C.

10. Moreover, without providing validation of the debt, Defendants filed a lawsuit against Mr. Kennedy November 29, 2010, in a matter styled Equable Ascent Financial, LLC v. Michael Kennedy, No. 29D02-1011CC1542 (Hamilton, County, Indiana). A copy of the lawsuit is attached as Exhibit D.

11. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g Of The FDCPA –**
**Continuing Debt Collection Activities On A Disputed Debt**
**And Failing To Provide Validation Of The Debt**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, an effective validation notice must be provided, i.e., notice that the consumer has 30 days to challenge the validity of the debt and seek verification of it. See, 15 U.S.C. § 1692g. Moreover, § 1692g(b) of the FDCPA provides that if a debt is disputed within the 30-day validation period, then the debt collector must cease all collection action until it provides verification of the debt. See, 15 U.S.C. § 1692g(b).

15. Defendants violated these provisions by ignoring Plaintiff's dispute and

3

failing to provide verification of the debt, and instead continuing their collection activities.

16. Defendants' violations of § 1692g of the FDCPA render them liable for actual and statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e And § 1692f Of The FDCPA -- Attempting To Collect A Disputed Debt

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f. Attempting to collect a debt that is disputed is both false, deceptive or misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

19. Defendants' violations of § 1692e and § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Michael Kennedy, prays that this Court:

1. Find that Defendants' debt collection practices violated the FDCPA;

2. Enter judgment in favor of Mr. Kennedy, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Michael Kennedy, demands trial by jury.

Michael Kennedy,

By: _____
One of Plaintiff's Attorneys

Dated: December 20, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 W. Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com